UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20195-CIV-ALTONAGA/Dubé

FAIRY HESTER,

    Plaintiff,
vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Report and Recommendation ("Report") [D.E. 16] of Magistrate Judge Robert L. Dubé, filed on May 26, 2010. On January 21, 2010, Plaintiff, Fairy Hester ("Hester"), filed a complaint seeking review of a decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act. (*See* Compl. [D.E. 1]). The Court referred the complaint to Magistrate Judge Dubé. Defendant, Michael J. Astrue ("Astrue"), subsequently filed a Motion to Dismiss ("Motion"), asserting Hester's complaint is untimely. (*See* Mot. [D.E. 12] 2, 5). In his Report, Judge Dubé recommends the Motion be denied. Astrue has not filed any objections to Judge Dubé's Report, and the time for filing objections has passed.[1] The Court has carefully reviewed the Report, the parties' written submissions and applicable law, and has conducted a *de novo* review of the record.

Astrue asserts Hester's complaint should be dismissed because the complaint was filed more than sixty days after the date of the Notice of the Appeals Council Action sent to Hester by

---

[1] "Failure to object to the magistrate's factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Case No. 10-20195-CIV-ALTONAGA/Dubé

regular mail. (*See id.* at 2). The Social Security Act permits an individual denied benefits by administrative process to seek judicial review by filing a complaint in district court "within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g). The regulations governing judicial review further provide:

> Any civil action . . . must be instituted within 60 days after the . . . notice of the decision by the Appeals Council is received by the individual . . . . For purposes of this section, the date of receipt . . . of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

As Judge Dubé correctly concludes, Hester has presented "sufficient evidence . . . to rebut the presumption" established by the regulation. (Rep. 4). Hester filed her complaint on January 21, 2010. (*See* Compl.). The Notice of the Appeals Council Action sent to Hester is dated November 12, 2009. (*See* Mot. Ex. 1 at 3). However, the envelope in which the Notice was mailed is postmarked November 18, 2009 – six days after the date of the Notice. (*See* Resp. [D.E. 14] 5-6). Allowing Hester five days for receipt of the Notice from the date of the postmark, the date of receipt is November 23, 2009. To be timely, Hester must have filed her complaint no later than the sixtieth day following receipt, which was on or before January 22, 2010. Hester filed her complaint in a timely fashion on January 21, 2010.

For these reasons, the undersigned fully agrees with the analysis and recommendations stated in Judge Dubé's Report. Accordingly, it is

**ORDERED AND ADJUDGED** that

1. The Report and Recommendation **[D.E. 16]** is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss **[D.E. 12]** is **DENIED**.

Case No. 10-20195-CIV-ALTONAGA/Brown

3.  Defendant, Michael J. Astrue, is directed to answer the complaint in this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of June, 2010.

                        **CECILIA M. ALTONAGA**
                        **UNITED STATES DISTRICT JUDGE**

cc: counsel of record